IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

PROCOPIO A. MARTINEZ and,
ERMA G. MARTINEZ,

    Plaintiffs,

vs.                                          CIV No. 02-398 JP/WWD

A.P. GREEN INDUSTRIES,
INC., et al.,

    Defendants.


GEORGE BACA and,
EMILIA BACA,

    Plaintiffs,

vs.                                          CIV No. 02-506 JP/WWD

A.P. GREEN INDUSTRIES, INC., et al.,

    Defendants.


TONY G. CHAVEZ and,
THERESA B. CHAVEZ,

    Plaintiffs,

vs.                                          CIV No. 02-515 JP/WWD

A.P. GREEN INDUSTRIES, INC.,
A Delaware Corporation, et al.,

    Defendants.

JACKIE LITTEN,

    Plaintiff,

vs.                                                                                           CIV No. 02-516 JP/WWD

AC&S, INC., et al.,

    Defendants.


LEON CHAVEZ and
IMELDA CHAVEZ,

    Plaintiffs,

vs.                                                                                           CIV No. 02-517 JP/WWD

A.P. GREEN INDUSTRIES, et al.,

    Defendants.


WILLIS D. HARDY and
ROBBIE B. HARDY,

    Plaintiffs,

vs.                                                                                           CIV No. 02-518 JP/WWD

ASBESTOS CLAIMS MANAGEMENT CORP., et al.,

    Defendants.

ROBERT A. BIEL and
RUTH BIEL,

 Plaintiffs,

vs.                  CIV No. 02-519 JP/WWD

AC&S, INC., et al.,

 Defendants.


WILLIAM P. AMON and
BARBARA S. AMON,

 Plaintiffs,

vs.                  CIV No. 02-520 JP/WWD

AC&S, INC., et al.,

 Defendants.


AURELIO A. SAIZ,

 Plaintiff,

vs.                  CIV No. 02-521 JP/WWD

AC&S, INC., et al.,

 Defendants.

RICHARD ORTIZ, et al.,

    Plaintiffs,

vs.                                                            CIV No. 02-522 JP/WWD

ASBESTOS CLAIMS MANAGEMENT
CORP., INC., et al.,

    Defendants.


SAM JORDAN and
ALICE J JORDAN,

    Plaintiffs,

vs.                                                            CIV No. 02-782 JP/WWD

AC&S, INC., et al.,

    Defendants.


VICTOR BARNEY and
NANCY P. BARNEY,

    Plaintiffs,

vs.                                                            CIV No. 02-783 JP/WWD

AC&S, INC., et al.,

    Defendants.

JACOB F. CHAVEZ, JR., and
INEZ S. CHAVEZ,

 Plaintiffs,

vs.                   CIV No. 02-786 JP/WWD

AC&S, INC., et al.,

 Defendants.

ADAM J. VIGIL and
SUSSIE VIGIL,

 Plaintiffs,

vs.                   CIV No. 02-788 JP/WWD

AC&S, INC., et al.,

 Defendants.

ROBERT BURNS and
SHIRLENE BURNS,

 Plaintiffs,

vs.                   CIV No. 02-789 JP/WWD

AC&S, INC., et al.,

 Defendants.

TROY L. RIGHTMIRE and
RUTH W. RIGHTMIRE,

 Plaintiffs,

vs.                        CIV No. 02-792 JP/WWD

AC&S, INC., et al.,

 Defendants.


JUAN TORRES and
EOLIDA A. TORRES,

 Plaintiffs,

vs.                        CIV No. 02-793 JP/WWD

ASBESTOS CLAIMS MANAGEMENT
CORP., INC., et al.,

 Defendants.


LOUIS P. ARMIJO and
RITA Q. ARMIJO,

 Plaintiffs,

vs.                        CIV No. 02-794 JP/WWD

AC&S, INC., et al.,

 Defendants.

ISAIAS GARCIA, JR., and
TOMASITA A. GARCIA,

    Plaintiffs,

vs.　　　　　　　　　　　　　　　　　　　　　　　　　　　　CIV No. 02-796 JP/WWD

AC&S, INC., et al.,

    Defendants.

JOSE R. CASAUS, SR., and
SHEILA M. CASAUS,

    Plaintiffs,

vs.　　　　　　　　　　　　　　　　　　　　　　　　　　　　CIV No. 02-887 JP/WWD

AC&S, INC., et al.,

    Defendants.

JOHNNY B. JIM, and
SUZANNA B. JIM,

    Plaintiffs,

vs.　　　　　　　　　　　　　　　　　　　　　　　　　　　　CIV No. 02-902 JP/WWD

AC&S, INC., et al.,

    Defendants.

JOHNSON SHORTHAIR, and
BESSIE L. SHORTHAIR,

    Plaintiffs,

vs.                                                                              CIV No. 02-911 JP/WWD

AC&S, INC., et al.,

    Defendants.

TOM JOHN, and
ETTA JOHN,

    Plaintiffs,

vs.                                                                              CIV No. 02-912 JP/WWD

AC&S, INC., et al.,

    Defendants.

JONES JOHNSON, and
JESSIE D. JOHNSON,

    Plaintiffs,

vs.                                                                              CIV No. 02-913 JP/WWD

AC&S, INC., et al.,

    Defendants.

# MEMORANDUM OPINION AND ORDER

This Memorandum Opinion and Order concerns the Plaintiffs' motions to remand filed in these twenty-four asbestos cases. After careful consideration of the law and the briefs in each case, I have determined that the Plaintiffs' motions to remand should be denied.

## A.  Background

These cases were originally filed in the Second Judicial District, County of Bernalillo, State of New Mexico, asserting various claims arising from the Plaintiffs' occupational exposure to asbestos-containing products manufactured and distributed by Defendants. In accordance with New Mexico law, the complaints which have been removed to federal court do not allege that the Plaintiffs are seeking a specific amount of monetary damages. *See* N.M. R. Civ. P. 1-010B. In each case a Notice of Removal has been filed under 28 U.S.C. §§ 1332 and 1441(a), with allegations of both diversity of citizenship and an amount in controversy in excess of the requisite jurisdictional amount, $75,000.[1] In each case, a motion has been filed to remand the case to state court for want of the requisite jurisdictional amount.

---

[1]In each of these cases, one of the Defendants filed a notice of removal; however, in each case, not every Defendant has filed with this Court a joinder or consent to the notice of removal. Although the notice of removal stated that all the Defendants intended to join in the removal, courts have held that such a statement is not sufficient to show consent. *See Henderson v. Holmes*, 920 F.Supp. 1184, 1187 (D. Kan. 1996). While joinder does not mean that all defendants must sign the same notice of removal, each defendant "must independently and unambiguously file notice of its consent and its intent to join in the removal" within thirty days after the first defendant is served. *Id.* at 1186-87. The failure of all defendants to join in a removal petition renders the petition procedurally defective. *Cornwall v. Robinson*, 654 F.2d 685, 686 (10th Cir. 1981). Most courts hold, however, that if the defect is not objected to within 30 days, the defect is deemed waived. 16 *Moore's Federal Practice* § 107.11[1][e] (Matthew Bender 3d ed.). Sua sponte remands for purely procedural defects are not permitted under 28 U.S.C. § 1447(c). *Page v. City of Southfield*, 45 F.3d 128, 133 (6th Cir. 1995). Therefore, because the Plaintiffs failed to raise this specific issue in their respective motions to remand, this issue has been waived.

**B. Discussion**

    1. Diversity of Citizenship

In the notices of removal, the Defendants assert diversity of citizenship on the grounds that Plaintiffs are residents of New Mexico and all defendants who are not fraudulently joined are foreign corporations with their principal places of business in states other than New Mexico. Although Plaintiffs allege in their complaints that Bearings, Inc., is a New Mexico corporation, it is clear from the documentation before this Court that Bearings, Inc., is a Delaware corporation with its principal place of business in a state other than New Mexico. Moreover, the Defendants argue that Helms, Inc., a New Mexico corporation, has been fraudulently joined, because it was not incorporated in New Mexico until 1987 and because it is a convenience store, not a manufacturer of asbestos-containing products.

In reply, Plaintiffs state that they "have not conceded" the diversity of citizenship issue, but they simultaneously admit that Defendants Bearings, Inc., and Helms, Inc., were joined "on a good faith but mistaken belief that they were local distributors of asbestos containing products." Plaintiffs' Reply in Support of Motion to Remand at 1. Plaintiffs have made no effort to refute, with contrary facts, the representations that Bearings, Inc., is not a New Mexico citizen and that Helms, Inc., was fraudulently joined. Hence, it appears that Plaintiffs actually have conceded the issue of diversity of citizenship. However, if this Court misunderstands Plaintiffs' stance on this issue, Plaintiffs should submit factual support for their position within ten days of the entry of this Order.

2. Amount in Controversy

There is a presumption against removal jurisdiction. *Laughlin v. KMart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995), *cert. denied*, 516 U.S. 863 (1995). Consequently, the removing party bears the burden of establishing in the notice of removal the underlying facts supporting the assertion that the amount in controversy exceeds the jurisdictional amount. *See id.* The Court determines the amount in controversy by examining the allegations in the complaint, and where they are not dispositive, by considering the facts stated in the notice of removal and other relevant materials in the record. *Id.*; *Varela v. Wal-Mart Stores, East, Inc.*, 86 F.Supp.2d 1109, 1111 (D.N.M. 2000). All doubts must be resolved against removal. *Varela*, 86 F.Supp.2d at 1111. Where the complaint fails to specify damages, the removing party must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. *Id.*

The Defendants first argue that these cases are similar to *Hanna v. Miller*, 163 F.Supp.2d 1302 (D.N.M. 2001). In *Hanna*, the Honorable Paul J. Kelly denied the plaintiff's motion to remand where the case involved a serious traffic accident in which several people were either severely injured or killed. *Id.* at 1303-04. In *Hanna*, Judge Kelly noted that, when determining the amount in controversy, courts may consider the substance and nature of the injuries and damages described in the pleadings as well as a plaintiff's refusal to stipulate that he is not seeking damages in excess of the jurisdictional amount. *Id.* at 1306. Judge Kelly gave considerable weight to the following facts described in the complaint: (1) the plaintiff suffered "severe injuries" leading to "permanent impairment;" (2) five passengers died as a result of injuries sustained in the collision; (3) the plaintiff sought damages for medical expenses, pain and suffering, mental

distress, loss of enjoyment of life, loss of consortium, and lost wages; and (4) the plaintiff sought punitive damages. *See id.*

Under the *Hanna* analysis, Defendants have met their burden in these cases. First, like in *Hanna*, the language in each of the Plaintiffs' complaints suggests a large amount in controversy. Plaintiffs describe the asbestos lung disease as "incurable" and "potentially lethal." Plaintiffs characterize the pain and suffering incurred as "substantial" and "severe and excruciating." Additionally, Plaintiffs seek actual damages for "large" medical expenses, pain and suffering, mental and emotional distress, "permanent and serious" disability, reduction in the quality of life, lost wages, and, in most cases, loss of consortium. Plaintiffs also claim punitive damages, which must be considered in ascertaining the amount in controversy. *See Jamison v. State Farm General Insurance Co.*, No. 98-1004 BB/RLP, Memorandum Opinion and Order (Doc. No. 22) at 4-5 (D.N.M. Dec. 8, 1998).

Moreover, in *Hanna*, Judge Kelly held that the defendants' good faith estimation that the requested damages exceeded $75,000, coupled with the severity of the claims and the plaintiff's detailed allegations, "amply" supported an inference that the jurisdictional amount had been met. *Hanna*, 163 F.Supp.2d at 1307. Similarly, in their notices of removal, Defendants in these asbestos cases state their belief that the alleged damages exceed $75,000. Furthermore, Defendants assert that Plaintiffs have refused to stipulate that they are not seeking damages in excess of $75,000, which in *Hanna* Judge Kelly stated is a factor to consider when determining the amount in controversy. *Id.* at 1306. While the refusal to stipulate to the amount of damages cannot be the sole proof of the amount in controversy, it can be a factor in determining whether

remand is appropriate. *See Jamison*, No. 98-1004 BB/RLP, Memorandum Opinion and Order (Doc. No. 22) at 4-5; *see also Reid v. Delta Gas, Inc.*, 837 F.Supp. 751, 752 (M.D.La. 1993).

Defendants next argue that *Varela v. Wal-Mart Stores, East, Inc.*, 86 F.Supp.2d 1109, 1111 (D.N.M. 2000), is distinguishable from these cases. *Varela* was a slip and fall case in which the defendant removed the case to federal court based on diversity jurisdiction on the grounds that the plaintiff refused to stipulate that her damages were less than $75,000 and that a jury had rendered a verdict against Defendant for $178,439.01 in a "similar" incident in New Mexico. *Id.* at 1110. The plaintiff in *Varela* was elderly and made no claims for lost wages, loss of earning capacity, or punitive damages. *Id.* at 1112. The court noted that the plaintiff had offered to settle her claims for $16,500, which was rejected. *Id.* Judge Bobby R. Baldock remanded the case to state court, finding the defendant's allegations too conclusory to justify the exercise of diversity jurisdiction. *See id*. at 1111-12.

*Varela* is distinguishable from these asbestos cases. First, the factual allegations in Plaintiffs' complaints in these asbestos cases are more extreme and severe. In contrast to the plaintiff in *Varela*, the Plaintiffs here assert causes of action in negligence, strict liability, breach of warranty, conspiracy, and loss of consortium. Plaintiffs allege that they were exposed to asbestos-containing products that caused a "potentially lethal" asbestos related lung disease. Second, these Plaintiffs seek damages for permanent disability, "substantial pain and suffering," "large" medical expenses, and diminished wages. Furthermore, unlike in *Varela*, Plaintiffs here request punitive damages and have not agreed to stipulate that they are seeking less than the jurisdictional amount.

13

If the facts stated in the complaint and notice of removal are not dispositive, courts can also consider other relevant materials in the record. *Varela*, 86 F.Supp.2d at 1111. In these cases, Defendants offer evidence of jury verdicts in seven other asbestos cases awarding damages greatly in excess of the jurisdictional amount. Although it is difficult to determine from Plaintiffs' complaints how closely the injuries in these pending cases mirror those found in the jury verdict cases, this Court believes that the jury verdicts provide some reliable evidence of the amount in controversy. *See Marrujo v. Swift Transportation Company, Inc.*, No. 98-1222 BB/DJS, Memorandum Opinion and Order (Doc. No. 24) at 5 (D.N.M. Aug. 6, 1999) (concluding that the analogy to jury verdicts in cases with similar alleged injuries was sufficient to establish the amount in controversy because it appeared that the defendant had a factual basis upon which to make such an assertion).

In reply to this jury verdict evidence, Plaintiffs counter with assertions that the average settlement amounts in similar asbestos cases are much less than the jurisdictional amount. Although average settlement amounts provide some evidence of what plaintiffs view their cases to be worth, information relied on by Plaintiffs in making their argument demonstrates why settlements in asbestos cases are less reliable than asbestos jury verdicts in determining whether the matter in controversy exceeds $75,000. Plaintiffs argued that the plaintiffs in Exhibit A-3 offered to settle their claims for less than the jurisdictional amount; however, all but one of those plaintiffs received jury verdicts in excess of the jurisdictional amount.

In sum, the Defendants have shown by a preponderance of the evidence that the amount in controversy is met in these cases. Bearing in mind that there is a presumption against removal jurisdiction, this Court holds that the allegations in Plaintiffs' complaints, the factual statements in

14

Defendants' notices of removal, and the evidence of jury verdicts in other similar asbestos cases, considered in combination, support a finding of diversity jurisdiction.

IT IS THEREFORE ORDERED that Plaintiffs' motions to remand are DENIED.

_____
UNITED STATES DISTRICT COURT